2021R00004/MPP/DJS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. GLR 23-0371 |
| v. | (Conspiracy to Commit Offenses Against the United States, 18 U.S.C. § 371; |
| KAMAL KHALID, and<br>FNU SHAHRUKH,<br>   a/k/a SHAH RUKH,<br>   a/k/a SHAHRUKH BASHIR, | Securities Fraud, 18 U.S.C. § 513(a), (c); Forfeiture, 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| Defendants. | UNDER SEAL |

## INDICTMENT

### COUNT ONE
### 18 U.S.C. § 371 – Conspiracy

The Grand Jury for the District of Maryland charges that:

1. At times relevant to this Indictment, Defendants **KAMAL KHALID** ("KHALID") and **FNU SHAHRUKH, a/k/a SHAH RUKH, a/k/a SHAHRUKH BASHIR** ("SHAHRUKH") (collectively the "DEFENDANTS") were residents of Anne Arundel County, Maryland, and were engaged in the buying and selling of used motor vehicles.

2. The Maryland Motor Vehicle Administration ("MMVA") was the state government entity responsible for issuing titles to motor vehicles owned by Maryland residents.

3. The Delaware Division of Motor Vehicles ("DDMV") was the state government entity responsible for issuing titles to motor vehicles owned by Delaware residents.

4. A Vehicle Identification Number or VIN was a unique series of letters and numbers used by the automotive industry to identify individual motor vehicles.

5. The sales price of a used vehicle generally is based on a combination of factors, including the make, model, year, condition, and mileage of the vehicle. In older vehicles, the

mileage can significantly impact the price of a vehicle.

6. As used in this Indictment, the following vehicle numbers refer to the vehicles identified below:

| Vehicle No. | Year/Make | Vehicle Identification Number |
|---|---|---|
| 1 | 2011 Dodge Ram 1500 | 1D7RV1CT1BS563432 |
| 2 | 2007 GMC Yukon | 1GKFK13027J137682 |
| 3 | 2008 Chevrolet Avalanche 1500 | 3GNFK12318G208582 |
| 4 | 2008 Cadillac Escalade | 1GYFK66828R153968 |
| 5 | 2015 Subaru Forester | JF2SJADC3FH441987 |
| 6 | 2011 Subaru Outback | 4S4BRBKC8B3394779 |
| 7 | 2007 Toyota Tacoma Ext. Cab | 5TETU62N47Z426460 |
| 8 | 2009 Acura MDX | 2HNYD28279H507697 |
| 9 | 2014 Nissan Altima | 1N4AL3AP6EN334395 |
| 10 | 2008 Volvo XC90 | YV4CZ852981460112 |

**THE CONSPIRACY**

7. Beginning at least as early as June 2016 and continuing through at least April 2019, in the District of Maryland and elsewhere,

**KAMAL KHALID and
FNU SHAHRUKH,
a/k/a SHAH RUKH,
a/k/a SHAHRUKH BASHIR**

the defendants herein, conspired and agreed with each other, and other persons known and unknown to the Grand Jury, to commit offenses against the United States, that is:

a. to knowingly and willfully reset and alter, and cause to be reset and altered,

2

the odometers of motor vehicles, intending to change the milage registered by the odometers, in violation of 49 U.S.C. Sections 32703(2) and 32709(b); and

   b. to make, utter, and possess counterfeit and forged securities of a State, with intent to deceive another person, organization, and government, in violation of 18 U.S.C. Section 513.

## THE PURPOSE OF THE CONSPIRACY

8. It was the purpose of the conspiracy to cause buyers of used motor vehicles, including the ultimate consumers, to pay more for vehicles than they would have paid if they had known the vehicles' correct mileage readings.

## MEANS AND MANNER OF THE CONSPIRACY

9. It was a part of the conspiracy that the **DEFENDANTS** purchased used motor vehicles, usually with high mileage.

10. It was further part of the conspiracy that the **DEFENDANTS** caused the odometers of those vehicles to be rolled back to lower mileage figures.

11. It was further part of the conspiracy that the **DEFENDANTS** resold the vehicles to innocent purchasers in the District of Maryland and elsewhere, concealing the high mileage of the vehicles and in many instances representing to the purchasers that the false low mileage readings were the vehicles' correct mileage readings.

12. It was further part of the conspiracy that the **DEFENDANTS** altered the titles of numerous vehicles before selling those vehicles to unsuspecting purchasers.

13. It was further part of the conspiracy that when the title of a purchased vehicle stated a high mileage, the **DEFENDANTS** caused the vehicle title to be altered to false low mileage to

correspond with the rolled-back odometer.

14. It was further part of the conspiracy that the **DEFENDANTS**, in some instances, obtained new ownership titles for vehicles from the DDMV by submitting altered vehicle titles and other ownership documents certifying as accurate the false odometer readings. The **DEFENDANTS** used these title documents with false low mileage figures to hide from subsequent purchasers the true high mileage of the vehicles **DEFENDANTS** sold. In some instances, other states then issued new titles for the vehicles that displayed the false mileage figures that the **DEFENDANTS** had provided.

15. It was further part of the conspiracy that the actions and misrepresentations of the **DEFENDANTS** resulted in the **DEFENDANTS** obtaining higher prices for the vehicles sold than they would have received if the vehicles had correct mileage readings, and that buyers of the vehicles, including ultimate consumers, paid more for the automobiles than they would have paid if they had known the vehicles' true mileage.

16. It was further part of the conspiracy that the **DEFENDANTS** caused an individual to contact an auto auction in the State of Maryland and the MMVA when their auto auction access was terminated and attempted to convince the auto auction and the MMVA to reinstate the **DEFENDANTS'** access so they could continue their conspiracy.

## OVERT ACTS

17. In order to effect and accomplish the objects and purposes of the conspiracy, **DEFENDANTS** did commit numerous overt acts, in the District of Maryland and elsewhere, including the following:

Vehicle No. 1

18. On or about August 13, 2018, **SHAHRUKH** purchased Vehicle No. 1 on behalf of Autotrend LLC ("Autotrend") at a wholesale auto auction located in Maryland for approximately $9,730. At that time, the vehicle's odometer had a mileage reading of approximately 167,096.

19. On or about August 13, 2018, the **DEFENDANTS** altered and caused to be altered the existing Maryland Certificate of Title for Vehicle No. 1 to falsely state that the vehicle's mileage was 47,896 when purchased from the wholesale auction.

20. On or about September 10, 2018, the **DEFENDANTS** submitted and caused to be submitted the falsely altered Maryland title to the Delaware Division of Motor Vehicles in support of an application for a Delaware title for Vehicle No. 1, securing a fraudulent title reflecting a false odometer reading of 47,896.

21. On or about December 27, 2018, the **DEFENDANTS** sold and caused the sale of Vehicle No. 1 at an auto action in Maryland for approximately $15,500 and falsely represented that the mileage was 55,061.

Vehicle No. 2

22. On or about August 20, 2018, **SHAHRUKH** purchased Vehicle No. 2 on behalf of Autotrend at a wholesale auto auction located in Maryland for approximately $3,450. At that time, the vehicle's odometer had a mileage reading of approximately 155,542.

23. On or about September 10, 2018, the **DEFENDANTS** entered and caused to be entered false information onto the Maryland Certificate of Title for Vehicle No. 2, *to wit*, the **DEFENDANTS** signed and caused to be signed the name of a fake auto auction employee, as well as entered and caused to be entered an odometer reading of "Exempt," which is not permitted by Maryland law.

24. On or about September 13, 2018, the **DEFENDANTS** submitted and caused to be submitted the falsely altered Maryland title to the Delaware Division of Motor Vehicles in support of an application for Delaware title for Vehicle No. 2, securing a title reflecting an odometer reading of "0".

25. On or about November 1, 2018, the **DEFENDANTS** caused the Delaware Certificate of Title to falsely state that Eastern Motor Cars LLC ("Eastern Motor"), another used vehicle dealership owned and operated by the **DEFENDANTS**, purchased the vehicle from Autotrend with the false low mileage of 88,434.

26. On or about November 1, 2018, the **DEFENDANTS** sold and caused the sale of Vehicle No. 2 at an auto action in Maryland for approximately $7,900 and falsely represented that the mileage was 88,434.

## Vehicle No. 3

27. On or about September 24, 2018, **SHAHRUKH** purchased Vehicle No. 3 on behalf of Autotrend at a wholesale auto auction located in Maryland for approximately $3,950. At that time, the vehicle's odometer had a mileage reading of approximately 209,458.

28. On or about October 2, 2018, the **DEFENDANTS** entered and caused to be entered false information onto the Maryland Certificate of Title for Vehicle No. 3, *to wit*, the **DEFENDANTS** signed and caused to be signed the name of a fake auto auction employee, as well as entered and caused to be entered an odometer reading of "Exempt," which is not permitted by Maryland law.

29. On or about October 22, 2018, the **DEFENDANTS** submitted and caused to be submitted the falsely altered Maryland title to the Delaware Division of Motor Vehicles in support of an application for Delaware title for Vehicle No. 3, securing a title reflecting an odometer reading

of "0".

30.     On or about December 2, 2018, the **DEFENDANTS** caused the Delaware Certificate of Title to falsely state that Eastern Motor purchased the vehicle from Autotrend with the false low mileage of 77,530.

31.     On or about December 27, 2018, the **DEFENDANTS** sold and caused the sale of Vehicle No. 3 at an auto action in Maryland for approximately $8,000 and falsely represented that the mileage was 77,566.

Vehicle No. 4

32.     On or about December 10, 2018, **SHAHRUKH** purchased Vehicle No. 4 on behalf of Autotrend at a wholesale auto auction located in Maryland for approximately $7,515. At that time, the vehicle's odometer had a mileage reading of approximately 203,324.

33.     On or about December 20, 2018, the **DEFENDANTS** sold and caused the sale of Vehicle No. 4 at an auto action in Maryland for approximately $12,550 and falsely represented that the mileage was 87,545.

34.     On or about January 5, 2019, **KHALID** forged and caused to be forged the signatures of the previous owners of the vehicle on the Maryland Certificate of Title and caused to be falsely recorded that he purchased the vehicle directly from the previous owners on behalf of Autotrend with the false mileage of 87,545.

35.     On or about January 9, 2019, the **DEFENDANTS** submitted and caused to be submitted the falsely altered Maryland title to the Delaware Division of Motor Vehicles in support of an application for a Delaware title for Vehicle No. 4 and secured a fraudulent title reflecting a false odometer reading of approximately 87,545.

### Vehicle No. 5

36. On or about December 21, 2018, **SHAHRUKH** purchased Vehicle No. 5 on behalf of Autotrend at a wholesale auto auction located in Maryland for approximately $9,115. At that time, the vehicle's odometer had a mileage reading of approximately 136,751.

37. On or about March 1, 2019, **KHALID** forged and caused to be forged the signature of the previous owner of the vehicle on the Maryland Certificate of Title and caused to be falsely recorded that he purchased the vehicle directly from the previous owner on behalf of Autotrend with the false mileage of 35,455.

38. On or about March 2, 2019, the **DEFENDANTS** sold and caused the sale of Vehicle No. 5 at an auto action in Maryland for approximately $14,000 and falsely represented that the mileage was 35,455.

39. On or about March 6, 2019, the **DEFENDANTS** submitted and caused to be submitted the falsely altered Maryland title to the Delaware Division of Motor Vehicles in support of an application for a Delaware title for Vehicle No. 5 and secured a fraudulent title reflecting a false odometer reading of 35,455.

### Vehicle No. 6

40. On or about January 7, 2019, **SHAHRUKH** purchased Vehicle No. 6 on behalf of Autotrend at a wholesale auto auction located in Maryland for approximately $7,415. At that time, the vehicle's odometer had a mileage reading of approximately 144,225.

41. On or about January 7, 2019, **SHAHRUKH** altered and caused to be altered the existing Maryland Certificate of Title for Vehicle No. 6 and falsely indicated that the vehicle's mileage was 44,225 when he purchased it from the wholesale auction.

42. On or about January 7, 2019, the **DEFENDANTS** submitted and caused to be

submitted the falsely altered Maryland title to the Delaware Division of Motor Vehicles in support of an application for a Delaware title for Vehicle No. 6 and secured a fraudulent title reflecting a false odometer reading of 44,225.

43. On or about March 1, 2019, the **DEFENDANTS** sold and caused the sale of Vehicle No. 6 at an auto action in Maryland for approximately $11,000 and falsely represented that the mileage was 44,550.

Vehicle No. 7

44. On or about January 21, 2019, **SHAHRUKH** purchased Vehicle No. 7 on behalf of Autotrend at a wholesale auto auction located in Maryland for approximately $6,315. At that time, the vehicle's odometer had a mileage reading of approximately 244,176.

45. On or about January 21, 2019, the **DEFENDANTS** entered and caused to be entered false information onto the Maryland Certificate of Title for Vehicle No. 7, *to wit*, the **DEFENDANTS** signed and caused to be signed the name of a fake auto auction employee, as well as entered and caused to be entered an odometer reading of "Exempt," which is not permitted by Maryland law.

46. On or about January 23, 2019, the **DEFENDANTS** submitted and caused to be submitted the falsely altered Maryland title to the Delaware Division of Motor Vehicles in support of an application for Delaware title for Vehicle No. 7 and secured a title reflecting an odometer reading of "0".

47. On or about February 18, 2019, the **DEFENDANTS** caused the Delaware Certificate of Title to falsely state that he purchased the vehicle on behalf of Eastern Motor from Autotrend with the false low mileage of 78,558.

48. On or about February 26, 2019, the **DEFENDANTS** sold and caused the sale of

Vehicle No. 7 at an auto action in Maryland for approximately $9,000 and falsely represented that the mileage was 78,558.

49. On or about February 28, 2019, the **DEFENDANTS** submitted and caused to be submitted the fraudulent Delaware title to the New Jersey Motor Vehicle Commission in support of an application for New Jersey title for Vehicle No. 7 and secured a fraudulent title reflecting the false odometer reading of 78,558.

### Vehicle No. 8

50. On or about January 21, 2019, **SHAHRUKH** purchased Vehicle No. 8 on behalf of Autotrend at a wholesale auto auction located in Maryland for approximately $4,575. At that time, the vehicle's odometer had a mileage reading of approximately 171,413.

51. On or about January 21, 2019, the **DEFENDANTS** entered and caused to be entered false information onto the Maryland Certificate of Title for Vehicle No. 8, *to wit*, the **DEFENDANTS** signed and caused to be signed the name of a fake auto auction employee, as well as entered and caused to be entered an odometer reading of "Exempt," which is not permitted by Maryland law.

52. On or about February 7, 2019, the **DEFENDANTS** submitted and caused to be submitted the falsely altered Maryland title to the Delaware Division of Motor Vehicles in support of an application for Delaware title for Vehicle No. 8 and secured a title reflecting an odometer reading of "0".

53. On or about February 18, 2019, the **DEFENDANTS** caused the Delaware Certificate of Title to falsely state that Eastern Motor purchased the vehicle from Autotrend with the false low mileage of 89,455.

54. On or about February 22, 2019, the **DEFENDANTS** sold and caused the sale of

Vehicle No. 8 at an auto action in Maryland for approximately $8,500 and falsely represented that the mileage was 89,461.

55. On or about February 28, 2019, the **DEFENDANTS** submitted and caused to be submitted the fraudulent Delaware title to the New Jersey Motor Vehicle Commission in support of an application for New Jersey title for Vehicle 8 and secured a fraudulent title reflecting the false odometer reading of 89,455.

### Vehicle No. 9

56. On or about February 4, 2019, **SHAHRUKH** purchased Vehicle No. 9 on behalf of Autotrend at a wholesale auto auction located in Maryland for approximately $2,855. At that time, the vehicle's odometer had a mileage reading of approximately 268,682.

57. On or about February 26, 2019, **SHAHRUKH** forged and caused to be forged the signature of the previous owner of the vehicle on the Maryland Certificate of Title and falsely recorded that he purchased the vehicle directly from the previous owner on behalf of Autotrend with the false mileage of 43,800.

58. On or about March 14, 2019, the **DEFENDANTS** sold and caused the sale of Vehicle No. 9 at an auto action in Maryland for approximately $5,800 and falsely represented that the mileage was 43,800.

59. On or about March 18, 2019, the **DEFENDANTS** submitted and caused to be submitted the falsely altered Maryland title to the Delaware Division of Motor Vehicles in support of an application for a Delaware title for Vehicle No. 9 and secured a fraudulent title reflecting a false odometer reading of 43,800.

### Vehicle No. 10

60. On or about February 25, 2019, **SHAHRUKH** purchased Vehicle No. 10 on

behalf of Autotrend at a wholesale auto auction located in Maryland for approximately $1,925. At that time, the vehicle's odometer had a mileage reading of approximately 199,534.

61.     On or about February 25, 2019, the **DEFENDANTS** entered and caused to be entered false information onto the Maryland Certificate of Title for Vehicle No. 10, *to wit*, the **DEFENDANTS** signed and caused to be signed the name of a fake auto auction employee, as well as entered and caused to be entered an odometer reading of "Exempt," which is not permitted by Maryland law.

62.     On or about February 27, 2019, the **DEFENDANTS** submitted and caused to be submitted the falsely altered Maryland title to the Delaware Division of Motor Vehicles in support of an application for Delaware title for Vehicle No. 10 and secured a title reflecting an odometer reading of "0".

63.     On or about March 6, 2019, the **DEFENDANTS** caused the Delaware Certificate of Title to falsely state that Eastern Motor purchased the vehicle from Autotrend with the false low mileage of 68,663.

64.     On or about March 6, 2019, the **DEFENDANTS** sold and caused the sale of Vehicle No. 10 at an auto action in Maryland for approximately $6,000 and falsely represented that the mileage was 68,663.

18 U.S.C. § 371

## COUNTS TWO THROUGH FIVE
### 18 U.S.C. §§ 513(a), (c) - Securities Fraud

1. Paragraphs 1 through 6 of Count One are realleged and incorporated herein by reference.

2. On or about the dates listed below, in the District of Maryland and elsewhere, the defendant identified for each count listed below, did knowingly make, utter, and possess, and cause to be made, uttered, and possessed, a counterfeited and forged security of the State of Maryland, namely, a certificate of title relating to the vehicle identified below, with the intent to deceive another person, organization, and government.

| COUNT | DEFENDANT | DATE | VEHICLE |
|---|---|---|---|
| 2 | **KHALID** | January 5, 2019 | Vehicle No. 4 |
| 3 | **KHALID** | March 1, 2019 | Vehicle No. 5 |
| 4 | **SHAHRUKH** | January 7, 2019 | Vehicle No. 6 |
| 5 | **SHAHRUKH** | February 26, 2019 | Vehicle No. 9 |

18 U.S.C. § 513(a), (c)
18 U.S.C. § 2

13

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of a defendant's conviction under any of the offenses charged in Counts One through Five of this Indictment.

### Securities Fraud Forfeiture

2. Upon conviction of any of the offenses alleged in Counts One through Five of this Indictment, the defendants,

**KAMAL KHALID and
FNU SHAHRUKH,
a/k/a SHAH RUKH,
a/k/a SHAHRUKH BASHIR,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

### Substitute Assets

3. If, as a result of any act or omission of the defendants, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Erek L. Barron / MPP*
EREK L. BARRON
United States Attorney
District of Maryland

*Amanda N. Liskamm / Dcn*
AMANDA N. LISKAMM
Director
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044-0386

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

10-18-23
Date